**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

LINDA CATHERINE WHITNEY,

    Plaintiff,

  vs.                                                             No. CIV S-04-1722 CMK

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.                      FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, who is proceeding pro se, brings this action for judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). On August 23, 2004, the court issued a scheduling order which required plaintiff to file and serve a motion for judgment on the pleadings and transcripts within 60 days of the date of service of the defendant's answer. The record reflects that defendant's answer was served and filed on January 6, 2005. October 18, 2005, the court directed plaintiff to show cause in writing within 10 days why the form titled "Consent to Assignment or Request for Reassignment" was not timely returned and why this action should not be dismissed for lack of prosecution. Plaintiff has not responded to the order to show cause.

1

1    The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to follow local rules. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).

Having considered these factors, and in light of plaintiff's failure to prosecute this action in compliance with court rules and orders, the court finds that dismissal is appropriate.

Based on the foregoing, the undersigned recommends that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 28, 2005.

/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE